UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATHY BELL,

    Plaintiff,

v.                                          CASE NO. 8:17-cv-3100-T-23AAS

FTMC, LLC,

    Defendant.
_____/

## **ORDER**

Kathy Bell sues (Doc. 1) FTMC, LLC under Title III of the Americans with Disabilities Act ("ADA"). On January 23, 2018, Bell perfected service (Doc. 7) but FTMC fails to appear. After obtaining a clerk's default, Bell moves (Doc. 10) for a default judgment.

Bell "uses a wheelchair for mobility." (Doc. 1 at ¶¶ 2-3) Bell alleges that FTMC owns or lets Marcela's Mexican Restaurant in Clearwater, Florida. (Doc. 1 at ¶ 6) On a day unknown, Bell attempted to "access" Marcela's but was thwarted by an array of barriers, including "doors that are inaccessible," "counters . . . [that] are inaccessible," "restrooms that are inaccessible," and so on. (*See* Doc. 1 at ¶ 17) Bell requests a judgment against FTMC, an order enjoining FTMC from discriminating against a disabled person, and an order that requires FTMC to remove an offending barrier within three months.

To support a default judgment, a complaint must state a claim for relief. *Cohan v. Sparkle Two, LLC*, Case No. 6:15-cv-86, 309 F.R.D. 665, 667 (M.D. Fla. 2015). A well-pleaded complaint requires allegations sufficiently "plausible on [their] face" to "create[] a reasonable inference of the defendant's liability." *Ashcroft v. Iqbal*, 556 U.S. 662, 698 (2009). A complaint that relies on "naked assertion[s]" devoid of "further factual enhancement" fails to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

To prove a discrimination claim under the ADA, the plaintiff must establish (1) that the plaintiff is disabled; (2) that the defendant owns, leases, or operates a place of public accommodation; and (3) that the defendant denied the plaintiff—on the basis of the disability—full and equal enjoyment of the premises. *Duldulao v. Kennedy Spa, LLC*, 8:10-cv-2607, 2013 WL 2317729, at *5 (M.D. Fla. May 28, 2013). Bell fails to plead sufficiently any of these elements.

Bell fails to plead facts showing that FTMC owns or lets Marcela's. Bell's sole allegation of ownership is that FTMC "is the owner, lessee, lessor and/or operator" of Marcela's. Unsupported, conclusory allegations of ownership fail to state a claim under the ADA. *See, e.g.*, *Cohan*, 309 F.R.D. at 668 (dismissing an ADA complaint because the plaintiff failed to allege facts showing that the "[d]efendant is, in fact, the 'lessee, operator, owner and lessor' of the [p]remises.") Because Bell fails to plead facts showing that FTMC owns or lets a public accommodation, Bell fails to state a claim.

Also, failing to describe sufficiently a disability, Bell alleges only that she "uses a wheelchair for mobility purposes." (Doc. 1 at ¶ 2) A wheelchair accommodates a variety of disabilities, ranging from temporary and mild to permanent and severe. Bell's failure to describe her disability bars any inference that because of Bell's disability FTMC denied Bell "full and equal enjoyment." *Duldulao v. La Creperia Café, Inc.*, Case No. 8:11-cv-1413, 2011 WL 6840585, at *3 (M.D. Fla. Dec. 29, 2011) (dismissing an ADA complaint because the plaintiff's sole allegation of disability was that he "uses a wheelchair for mobility.") For example, whether Bell's reliance on a wheelchair limits her ability to "grab[], grasp[], or pinch[]," as asserted in the complaint, is unknown. Bell alleges that the unisex bathroom door requires "tight grasping and twisting of the wrist to operate." If Bell maintains full use of her hands, FTMC has not discriminated against Bell on the basis of her disability. *Access for the Disabled, Inc. v. Osceola Enters. of Kissimmee, Inc.*, Case No. 6:09-cv-1805, 2010 WL 2889823, at *1 (M.D. Fla. July 22, 2010) ("Plaintiffs may only challenge those barriers that reasonably relate to their particular disabilities.")

Also, Bell fails to allege sufficiently the barriers to access. The majority of Bell's allegations, such as "there are doors that are inaccessible" and "there are restrooms that are inaccessible," fail to describe the feature that renders the premises "inaccessible." Bell's allegations about each claimed "barrier" suffer from the same pleading deficiency. For example, Bell alleges the conclusion that the "lavatory mirror is mounted above the maximum height allowance" but fails to allege the

height of the mirror or other facts showing that the mirror violates the ADA.  Bell characterizes almost every feature of Marcela's as inadequate but fails to describe these features or to allege facts permitting a reasonable inference that these features violate the ADA.

Bell's affidavits fail to support the motion for default judgment.  The affidavits largely recite the allegations of the complaint—allegations that are assumed true because of FTMC's default.  The affidavits provide no additional basis to show that FTMC owns or leases Marcela's or that FTMC discriminated against Bell on the basis of a disability.  The dearth of facts in the complaint, the motion for default judgment, and the affidavits fails to create a reasonable inference that FTMC violated Bell's rights under the ADA.

Bell's motion (Doc. 10) for default judgment is **DENIED WITHOUT PREJUDICE**.  No later than **October 19, 2018**, Bell may amend the motion for default judgment.  Failure to file timely will result in a dismissal of the complaint without prejudice for failing to state a claim.

ORDERED in Tampa, Florida, on September 24, 2018.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE